UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Charles Lamb**, # 186788, *aka Charles Willis Lamb*, | ) C/A No. 8:09-1805-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Lieber Correctional Institution Kitchen Staff**, *people them*; and **Mike NLN**, Supervisor, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). He is serving an eight-year sentence for indecent exposure. His conviction was entered in the Court of General Sessions for Richland County.

In the above-captioned civil rights action, the plaintiff has brought suit against the kitchen staff at the Lieber Correctional Institution and its Supervisor. In his answers on page 2 of the complaint, the plaintiff indicates that he is seeking to "sue Mike for six (600) hundred Thousand Dollars for Mike neglecting my Health and well-Being by Mike giving me one switch [*sic*: sandwich] in a Bag Lunch for me." (Complaint [Entry No. 1], at page 2 [irregular capitalization in original]) The plaintiff's answers on page 2 of the complaint also

1

reveal that the plaintiff has filed a grievance on the matter. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveal that the plaintiff is complaining about a bag lunch served to him on June 24, 2009. The plaintiff alleges that the lack of calories in the bag lunch, which had one sandwich, caused him to have chest pains. Part V of the complaint is left blank, except for the plaintiff's signature and date.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Although the plaintiff would prefer to have more than one sandwich served to him, the variety of the food is irrelevant if the food is nutritionally adequate. *See Brown v. Detella*, No. 95 C 1576, 1995 U.S.Dist. LEXIS 13260, *7-*8 [no WESTLAW citation available] (N.D. Ill., Sept. 7, 1995) (*citing Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985): "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). Absent any indication that the one sandwich presented a real danger to the plaintiff's health, the plaintiff has not raised a cognizable claim under the Eighth Amendment. *See Prophete v. Gilless*, 869 F. Supp. 537, 538 (W.D. Tenn. 1994); and *Cosby v. Purkett*, 782 F. Supp. 1324, 1329 (E.D. Mo. 1992). *See also Landfair v. Sheahan*, 878 F. Supp. 1106 (N.D. Ill. 1995); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989); *Chavis v. Fairman*, No. 92 C 7490, 1994 U.S. Dist. LEXIS 1850, *11 n. 5, 1994

WL 55719 (N.D. Ill., Feb. 15, 1994) ("While Chavis depicts less than optimal eating conditions and fare, all of his allegations combined still fail to suggest that he was being served food which posed 'an immediate danger to his health and well being.'"), *affirmed*, *Chavis v. Fairman*, No. 94-1503, 51 F.3d 275 [Table], 1995 U.S.App. LEXIS 7916, 1995 WL 156599 (7th Cir., April 6, 1995).

In the complaint, the plaintiff does not disclose whether the Lieber Correctional Institution was on lock-down when he was given the bag lunch.[3] The serving of sandwiches is not a constitutional violation. See *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (prison officials' serving cold and poorly prepared food did not constitute cruel and unusual punishment because prisoners received three meals a day in compliance with nutritional guidelines set by dietician, and food did not offend contemporary standards of decency); *Garvin v. Fairman,* No. 94 C 4435, 1995 U.S.Dist. LEXIS 13332, *14, 1995 WL 548638 (N.D. Ill., Sept. 13, 1995) (*following Lunsford v. Bennett*: "In this case, although Garvin alleges that the food at the CCJ caused him stomach aches and heartburn, he cannot contend that ingestion of these meals placed him in immediate danger of the sort of harm contemplated by the Due Process Clause."); *Hoitt v. Vitek*, 497 F.2d 598 (1st Cir.

---

[3]Bag lunches are often served while a prison is on lock-down. See *Hayward v. Procunier*, 629 F.2d 599 (9th Cir. 1980); and Complaint filed in *Theron Johnny Maxton v. Willie Eagleton, Warden of Evans Correctional Institution; Robin Chavis, Associate Warden of Evans Correctional Institution; Jon Ozmint, Director of SCDC, in their personal and individual capacity*, Civil Action No. 0:04-22842-DCN-BM, which concerned a lock-down at the Evans Correctional Institution in October of 2004. The lock-down began after the institutional count at 10:30 p.m. on October 15, 2004. Breakfast was not served to the prisoners on the morning of October 16, 2004, but prisoners at the Evans Correctional Institution were given "bag meals" in their cells at 1:15 p.m., 4:30 p.m., and 7:45 p.m. The "bag meals" consisted of bologna sandwiches.

1974) (no valid civil rights claim stated where complaint alleged denial of hot meal but prisoners were adequately fed).

The plaintiff's allegations do not establish a conditions of confinement claim relating to food. *See Rust v. Grammar*, 858 F.2d 411, 414 (8th Cir. 1988) (where "sandwich diet was imposed for a short time, with no resultant long-term adverse effects, it was a constitutionally permissible response to a disruptive situation"); *McLeod v. Scully*, No. 81-3139 (RLC), 1984 U.S. Dist. LEXIS 24731, 1984 WL 692 (S.D.N.Y., July 30, 1984) (provision of two meals per day during eight to ten-day lock-down did not rise to the level of an Eighth Amendment violation); and *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) ("only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"), which are cited in *Makupson v. Powers*, Civil Action No. 9:08-0983-RBH-BM, 2009 U.S. Dist. LEXIS 51764, 2009 WL 1748712 (D.S.C., June 18, 2009) (collecting cases). *See also Hayward v. Procunier*, 629 F.2d 599, 600 (9th Cir. 1980) (no constitutional violation where prisoners were served "sack lunches" twice a day in their cells for two weeks during five-month lock-down);[4] *Waring v. Meachum*, 175 F. Supp. 2d 230, 238-40 (D. Conn. 2001) (collecting

---

[4] A lock-down at the San Quentin Prison was the basis of the suit in *Hayward v. Procunier*. The lock-down was instituted after there had been eighty-two assaults with weapons and twelve killings, as well as seventy-one cases of possession of weapons and two attempted escapes. 629 F.2d at 600. The Court in *Hayward v. Procunier*, 629 F.2d at 603, also noted that federal courts will accord deference to prison officials during a lock-down instituted during a prison emergency.

> These decisions are delicate ones, and those charged with
> them must be given reasonable leeway. *See Hoitt v. Vitek*,
> 497 F.2d 598, 601 (1st Cir. 1974); *Gilliard v. Oswald*, 552 F.2d
> 456, 459 (2nd Cir. 1977). The court below carefully reviewed

(continued...)

cases); *Vice v. Harvey*, 458 F. Supp. 1031, 1039 (D.S.C. 1978); and *cf. Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 656 (D.S.C. 2007) (merely serving food cold does not present a serious risk of harm or an immediate danger to the health of an inmate).[5]

Moreover, even the plaintiff notes that the serving of the bag lunch to him on June 24, 2009, was, at best, the result of negligence. *See* Complaint (Entry No. 1), at page 2. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, such rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Moreover, since the facts alleged show no deliberate indifference on the part of the defendants, no federal constitutional violation has occurred. *Waring v. Meachum*, 175 F. Supp. 2d at 240.

---

(...continued)
        the restrictions of the lockdown in light of the emergency at the prison and determined that they did not cross the eighth amendment line. We agree with that conclusion.

[3]For examples where constitutional violations in food service were found, *see Domegan v. Fair*, 859 F.2d 1059, 1063-65 & n. 5 (1st Cir. 1988) (serving of bread and water to prisoners over an extended period of time is a constitutional violation); and *Harris v. Fairman*, No. 94 C 3883, 1995 U.S. Dist. LEXIS 4038, 1995 WL 151806 (N.D. Ill., March 30, 1995) (serving of food containing "dirt and debris, and the hair and saliva of those inmates who serve the meals").

6

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the Notice on the next page.**

                 s/Bruce Howe Hendricks
                 United States Magistrate Judge

July 14, 2009
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).